IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO AND NEYSA CARMONA h/w <br> 402 74TH Street <br> North Bergen, New Jersey 07047-5537 <br><br> Plaintiffs, <br> vs. <br><br> A2Z FIELD SERVICES, LLC d/b/a A2Z FIELD SERVICES <br> 5747 Perimeter Drive, <br> Dublin, Ohio 43017 <br> and <br> U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT <br> 451 7th Street S.W. <br> Washington, D.C. 20410 <br> Defendants. | CIVIL ACTION <br><br> NO: |

## COMPLAINT

Plaintiffs, ORLAND AND NEYSA CARMONA, by and through their counsel, bring this Verified Complaint against Defendants, A2Z Field Services LLC d/b/a A2Z Field Services (hereinafter referred to collectively as "A2Z") and U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD") for damages and allege as follows:

### INTRODUCTION

1.  This action is brought by the Plaintiffs against A2Z and HUD for bodily injury damages sustained by Plaintiffs as a result of the negligent actions or lack of action of the defendants.

1

## JURISDICTION AND VENUE

2. This case arises under the laws of the United States of America and presents Federal Jurisdiction under the Federal Tort Claim Act 28 U.S.C. §§ 2671 et seq. (FTCA). As the Plaintiffs have exhausted their administrative remedy available under the FTCA and received a right to sue letter, jurisdiction is correctly with this Honorable Court. Venue is proper under 28 USC § 1391(b)(2) as a substantial part of the action giving rise to the Plaintiffs occurred within the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiffs, ORLANDO CARMONA and NEYSA CARMONA are adult individuals and husband and wife, residing at 402 74th Street North Bergen, New Jersey 07047-5537

4. Defendant, A2Z Field Services, LLC d/b/a A2Z Field Services, (hereinafter referred to collectively as "A2Z") is a business, entity, fictitious name, proprietorship, limited partnership, limited liability company and/or corporation existing and/or qualifying under the laws of the State of Ohio, with a registered office for the acceptance of service or a principal place of business at 5747 Perimeter Drive, Dublin, Ohio 43017.

5. Defendant, U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD"), is United States Government Agency located at 451 7th Street S.W., Washington, D.C. 20410.

6. At all times relevant and material to this Complaint, defendants, A2Z and HUD, jointly and/or as successors in interest, owned, operated, leased, managed,

controlled and/or had dominion over the property and the located at 6116 North 6th Street, in Philadelphia, Pennsylvania (hereinafter referred to as the "Premises").

7. At all times relevant and material to this Complaint, defendants, A2Z and HUD owed a duty to supervise, repair, maintain, clean, inspect, and otherwise be responsible for the Premises, including the guard rails alongside the elevated walkways of the Premises, and to provide a safe and hazard free environment and otherwise be responsible for the guard railings along the elevated walkways of the Premises so that same would be safe for use by tenants, invitees and/or members of the public, including plaintiff, ORLANDO CARMONA.

8. At all times relevant and material to this Complaint, defendants, A2Z and HUD did act through their agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency for said defendants.

9. On or about November 17, 2010, at or about 2:00 p.m., plaintiff, ORLANDO CARMONA, was lawfully on the walkway area outside the entrance to the Premises, when suddenly and without warning, he was caused to fall due to an unreasonably dangerous condition and/or conditions on the walkways of the Premises, specifically the wooden guard railing alongside the elevated walkways of the Premises, which were not properly maintained, repaired, or inspected by defendants, broke and gave way causing plaintiff, ORLANDO CARMONA to fall eight (8) to ten(10) feet to the concrete walkway below, thus causing plaintiff to suffer grievous, serious and permanent bodily injuries.

10. Defendants, A2Z and HUD knew or should have known of the said dangerous, insecure and unsafe condition of the guard railing alongside the elevated walkways outside the entrance to the Premises and the likelihood that said dangerous, insecure and unsafe condition would cause injuries to tenants, invitees and/or members of the public lawfully on elevated walkways outside the entrance to the Premises, in the absence of proper and timely inspection and repair or replacement of the guard railing alongside the elevated walkways at the Premises, or adequate safety measures in general.

11. On or about November 17, 2010, and for some time prior thereto, defendants did allow the guard railings alongside the elevated walkways at the entrance to the Premises to be and remain in a dangerous, insecure and defective condition which thereby created an unreasonable hazard to tenants, invitees and/or members of the public lawfully on elevated walkways of the Premises.

12. The circumstances under which plaintiff, ORLANDO CARMONA was injured were such that said injuries to plaintiff could not have occurred at the guard railings alongside the elevated walkways at the entrance of the Premises except by the negligence of defendants, A2Z and HUD.

13. The aforesaid incident resulted solely from the negligence and carelessness of defendants, A2Z and HUD, and was due in no manner whatsoever to any act or failure to act on the part of plaintiff, ORLANDO CARMONA.

**COUNT I**
**ORLANDO CARMONA vs. A2Z and HUD**

14. Plaintiff, ORLANDO CARMONA, incorporates by reference thereto, paragraphs one through thirteen inclusive, as though same were set forth herein at length.

15. The negligence and carelessness of the defendants, A2Z Fields Services, U.S. Department of Housing and Urban Development, BLDG Monroe L.P. and BLDG Monroe L.L.C. consisted of the following:

(a) failing to inspect, correct or have corrected, repair or protect from defective and/or hazardous conditions being created on the elevated walkways outside the entrance to the Premises used by tenants, invitees and/or members of the public, said condition existing for a long time prior to the date of the incident;

(b) failing to provide safe conditions for tenants, invitees and members of public on the elevated walkways at the entrance to the Premises to be and remain in a dangerous;

(c) allowing an unreasonably dangerous and unsafe condition to exist on elevated walkways outside the entrance to the Premises, particularly the guard railings alongside the elevated walkways of the Premises which defendants knew or should have known created a dangerous hazard to tenants, invitees and/or members of the public;

(d) allowing a latent and hidden dangerous condition to exist in the guard railings alongside the elevated walkways outside the entrance to the Premises;

(e) failing to properly and adequately maintain the guard railings alongside the elevated walkways outside the entrance of the Premises, in particular the aforesaid dangerous and unsafe condition of the old, weak, worn out, rotted, damaged, and/or broken down guard railing alongside the elevated walkways outside the entrance to the Premises;

(f) failing to warn pedestrians, invitees, and/or members of the public of the dangerous, hazardous and unsafe conditions of the guard railing alongside the elevated walkways outside the entrance to the Premises;

(g) failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the guard railing alongside the elevated walkways outside the entrance to the Premises;

(h) failure to provide barricades in the area of the defective or dangerous conditions to prohibit tenants, invitees and/or members of the public from traversing in the aforesaid unsafe area of the guard railing alongside the elevated walkways outside the entrance to the Premises; and/or reduce the chance of injuries to such persons resulting from the defective and/or dangerous condition of the of the guard railing alongside the elevated walkways outside the entrance to the Premises;

(i) failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of

|     | defendants, herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing the dangerous and defective condition of the guard railing alongside the elevated walkways outside the entrance to the Premises; including the defective and/or dangerous old, weak, worn out, rotted, damaged, and/or broken down guard railing alongside the elevated walkways outside the entrance to the Premises which caused plaintiff's injuries; |
| --- | --- |
| (j) | failure to act with due care and regard for the position and safety of others, in particular, plaintiff, ORLANDO CARMONA; |
| (k) | failure to provide and maintain proper supervision of the elevated walkways outside the entrance to the Premises; |
| (l) | failure to provide and maintain proper safety precautions at the elevated walkways outside the entrance to the Premises; and |
| (m) | failure to respond in a timely manner to an insecure and dangerous condition or situation at the elevated walkways outside the entrance to the Premises. |

16. The negligence and/or carelessness of the agents, servants, workmen, employees, representatives, managers and/or independent contractors of defendants, A2Z and HUD, herein which occurred within the course and scope of employment and/or agency with said defendants, is imputed upon said defendants and thus, defendants, defendants, A2Z and HUD are liable for the same.

17. As a direct result of this accident, plaintiff, ORLANDO CARMONA, has suffered injuries, which are serious and permanent, including, but not limited to: elbow dislocation, coronoid fracture, and a radial head fracture and laceration to the right side of the chin, sprain and strain of the neck and back.

18. As a further result of this accident, plaintiff, ORLANDO CARMONA, has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

19.   As a further result of this accident, plaintiff, ORLANDO CARMONA, has and may suffer severe loss and impairment of his earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

20.   As a further result of this accident, plaintiff, ORLANDO CARMONA, has been unable to attend to his daily chores, duties, and occupations, and he may be unable to do so for an indefinite time in the future.

21.   As a direct result of this accident, plaintiff, ORLANDO CARMONA, has and may continue to in the future incur other financial expenses or losses to which he may otherwise be entitled to recover.

22.   As a further result of this accident, plaintiff, ORLANDO CARMONA, has suffered an injury that may be in full or part a cosmetic disfigurement, which is permanent, irreparable, or severe.

23.   As a further result of this accident, plaintiff, ORLANDO CARMONA, has suffered an injury that has caused a physical deformity, which is permanent, irreparable, or severe.

24.   As a further result of the accident, plaintiff, ORLANDO CARMONA, has suffered severe physical pain, aches, mental anguish and humiliation, inconveniences and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

25.   The injuries sustained by plaintiff, ORLANDO CARMONA, as set forth above, are serious injuries, which resulted in the permanent loss of a bodily function and/or a permanent disfigurement.

26. Plaintiff, ORLADNO CARMONA, was in the Course and Scope of his Employment at the time he was injured.

27. Plaintiff, ORLADNO CARMONA, has received and will continue to receive Workers' Compensation benefits into the future.

28. Any and all Workers' Compensation Benefits received by Plaintiff, ORLADNO CARMONA, are subject to a lien and must be repaid to the Workers' Compensation Carrier upon recovery from any third party tortfeasor.

29. Plaintiff, ORLADNO CARMONA, is entitled to recover any and all Workers' Compensation Benefits from the Defendants'.

**WHEREFORE**, plaintiff, ORLADNO CARMONA, demands judgment and compensatory damages, jointly and severally, against each defendant, A2Z and HUD, in a sum in excess of $150,000.00, plus interest, costs and attorney's fees.

### COUNT II
### NEYSA CARMONA vs. A2Z and HUD

30. Plaintiff, NEYSA CARMONA, incorporates by reference thereto, paragraphs one through twenty-nine inclusive, as though same were set forth herein at length.

31. As the direct result of the aforesaid accident, plaintiff, NEYSA CARMONA, has been obligated to incur various expenses for the medical attention and care required of the plaintiff, ORLANDO CARMONA, and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

32. As a further result of this accident, plaintiff, NEYSA CARMONA, has and may continue to, in the future incur other financial expenses and losses on behalf of plaintiff, ORLANDO CARMONA, to which she may otherwise be entitled to recover.

33. As a result of this accident, plaintiff, NEYSA CARMONA, has and may continue to suffer the loss of services, support and consortium of her spouse, ORLANDO CARMONA.

**WHEREFORE**, plaintiff, NEYSA CARMONA, demands judgment and compensatory damages, jointly and severally, against each defendant, A2Z and HUD, in a sum in excess of $150,000.00, plus interest, costs and attorney's fees.

                              **HUDOCK & HUDOCK, P.C.**

                              By_____
                              Christopher A. Hudock, Esquire
                              Attorney for Plaintiff

Dated:

## VERIFICATION

I, _ORLANO CARMONA_, hereby verify that I am the Plaintiff herein, and that the facts set foregoing pleadings are true and correct to the best of my knowledge, information and belief.

I make this statement pursuant to the penalties of 18 Pa.C.S. § 4909 relating to the unsworn falsification to authorities.

X _[signature]_